IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHELLE SQUIER RAVE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE CITY OF KALISPELL, MT, THE KALISPELL POLICE DEPARTMENT, POLICE OFFICER JOHN DOES (True names being presently unknown to Plaintiff) and THE COUNTY OF FLATHEAD, MT, FLATHEAD COUNTY DETENTION CENTER, and CORRECTIONAL OFFICERS JOHN DOES (True names being presently unknown to Plaintiff),<br><br>　　　　Defendants. | CV 23-160-M-DLC-KLD<br><br><br>ORDER |

　　　　Plaintiff Michelle Squier Rave, who is proceeding pro se, filed this action against the above-named Defendants in December 2023. (Doc. 1). Plaintiff's Complaint alleges that in late December 2020, she was arrested and physically assaulted by unnamed Kalispell City Police Officers while staying at a local homeless shelter the night before she was scheduled to undergo brain surgery. Plaintiff claims she had severe brain seizures while in the custody of the arresting officers and was denied medical attention. Plaintiff alleges she was eventually transferred to the Flathead County Detention Center, where her requests for

1

medical attention were again ignored. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging Defendants denied her adequate medical care in violation of the Eighth Amendment to the United States Constitution. (Doc. 1).

On October 30, 2024, the Court issued a scheduling order establishing a discovery deadline of April 1, 2025, and a motions deadline of May 1, 2025. (Doc. 30 at 7, 9). Since early October 2024, Plaintiff has been detained at Taycheedah Correctional Institution ("TCI"), in Fond du Lac, Wisconsin, on matters that are unrelated to the claims in her Complaint in this case. (Doc. 30 at 2).

This matter comes before the Court on two motions: (1) Plaintiff's motion requesting the Clerk of Court to issue four subpoenas directed at non-party Michael Gierach, Warden of TCI (Doc. 32); and (2) Plaintiff's Objection and Motion for Hearing (Doc. 33).

## Motion for the Issuance of Non-Party Subpoenas

District courts maintain "wide latitude in controlling discovery" and "rulings on discovery issues fall within the court's broad discretion over case management." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Federal Rule of Civil Procedure 45 governs non-party subpoenas. *See generally* Fed. R. Civ. P. 45. Rule 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring, among other things, the

2

production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii).

It is generally accepted that the scope of discovery permitted under Rule 45 is the same as that permitted under Federal Rule of Civil Procedure 26(b). *Adams v. Gissell*, 2022 WL 355758, at *1 (D. Mont. Feb. 7, 2022). The scope of permissible discovery extends to all

> nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Though relevancy is broadly defined, it retains "ultimate and necessary boundaries." *BNSF Railway Co. v. Center for Asbestos Related Disease, Inc.*, 2022 WL 1442854, at *3 (D. Mont. May 6, 2022) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). When evaluating whether discovery is relevant, the 2015 Amendments direct the courts' attention to proportionality; in other words, courts must balance the burden, cost, and importance of the issues at stake. *Frost v. BNSF Ry. Co.*, 218 Supp. 3d 1122, 1134 (D. Mont. 2016) (citing Rule 26 advisory committee notes (2015)). The 2015 Amendments caution courts against using the now-eliminated "reasonably calculated" language. See Rule 26 advisory committee notes (2015) ("The 'reasonably calculated [to lead to admissible evidence]' phrase

3

has continued to create problems, however, and is removed from these amendments.'").

The party seeking discovery has the burden of demonstrating relevance under Rule 26(b)(1). *Caekaert v. Watchtower Bible and Tract Society of New York, Inc.*, 2023 WL 3795394, at *1 (D. Mont. June 2, 2023). Notably here, courts have demanded a "stronger-than-usual showing of relevance" where the request is served on a non-party, "requiring the requesting party to demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *BBK Tobacco & Foods LLP v. Skunk Incorporated*, 2020 WL 2395104, at *2 (D. Ariz. May 12, 2020). Thereafter, the party opposing discovery has the burden to show the request is improper. *Asarco LLC v. Atlantic Richfield Co.*, 2013 WL 12448555, at *2 (D. Mont. Sept. 20, 2013).

Plaintiff is requesting the issuance of four subpoenas, all of which are directed to Michael Gierach, the Warden of TCI. (Doc. 32-1 at 11-22). The first three subpoenas are identical except for the date and time they were prepared by Plaintiff. (Doc. 32-1 at 11, 14, 17). With minor handwriting variations, these three subpoenas request production of the following: "All evidence TCI received & is withholding from inmate #628693, including electronic & missing files in library & RHU, all LH 1-2544. All documents and evidence on inmate at intake 10-10-24." (Doc. 32-1 at 11, 14, 17). The fourth subpoena seeks production of "video

surveillance of McCopier on 10-10-24 during intake & receiving of inmate #628693 approx 11 a.m. – 3:30 p.[m.] Processing of all inmates property & legal materials." (Doc. 32-1 at 20).

Plaintiff asserts that Warden Gierach and TCI have "failed to make the evidence available to [her] for over 2 months," and have also "deprived [her] of any calls to attorneys since arriving" at TCI on October 10, 2024. (Doc. 32). Plaintiffs contends she needs the subpoenas "to proceed with [her] case," but fails to explain how the materials requested might be relevant in any way to the § 1983 claims she alleges against the Defendants in this litigation. Because Plaintiff has not shown that the materials she is requesting are relevant to her claims, her motion for the issuance of subpoenas is denied.

The Court notes that Plaintiff has included additional materials with her motion that have nothing to do with the claims alleged in the Complaint, including: (1) a Department of Corrections "Interview/Information Request" form, asking for additional time in the law library and for help setting up telephone calls with her attorney to check in with her children (Doc. 32-1 at 7); and (2) an "Inmate Complaint/Appeal" form requesting phone calls with her attorney and additional time in the library, and advising TCI that "federal subpoenas will be coming." (Doc. 32-1 at 10).

5

To the extent Plaintiff's filings can be liberally construed as a motion for an order allowing her access to a law library or telephone, the Court is not in a position to interfere in the day-to-day administration of TCI and declines to do so. Plaintiff is advised that future filings with the Court should address only those matters that are related to the claims asserted in the Complaint.

### Plaintiff's Objection and Motion for Hearing

Plaintiff has filed an Objection and Motion for Hearing, in which she asserts that Defendants served a subpoena for her medical records on non-party Logan Health Medical Center without first serving her with "a notice and copy of the subpoena" as required by Rule 45(a)(4). (Doc. 33).

Evidence submitted by Defendants in response to Plaintiff's motion shows otherwise. On December 8, 2024, Plaintiff stated in a letter to defense counsel that she was surprised to learn upon receiving initial disclosures that Defendants had obtained her medical records. (Doc. 34 at 4). On December 17, 2024, defense counsel sent Plaintiff a letter explaining that her medical records were obtained by Subpoena Duces Tecum dated July 8, 2024, with a Certificate of Service to Plaintiff on the same date. (Doc. 34 at 5). Defendants have provided a copy of the Subpoena Duces Tecum, including the Certificate of Service to Plaintiff at her address of record at the time. (Doc. 34 at 6-9). This is sufficient to demonstrate compliance with Rule 45(a)(4).

## ORDER

For the reasons stated above, **IT IS ORDERED** that Plaintiff's Motion for the Issuance of Subpoenas (Doc. 32) and her Objection and Motion for Hearing (Doc. 33) are **DENIED**.

At all times during the pendency of this action, Plaintiff must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

DATED this 3rd day of March, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge