IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHELLE SQUIER RAVE,<br><br>          Plaintiff,<br><br>vs.<br><br>THE CITY OF KALISPELL, MT, THE KALISPELL POLICE DEPARTMENT, POLICE OFFICER JOHN DOES (True names being presently unknown to Plaintiff) and THE COUNTY OF FLATHEAD, MT, FLATHEAD COUNTY DETENTION CENTER, and CORRECTIONAL OFFICERS JOHN DOES (True names being presently unknown to Plaintiff),<br><br>          Defendants. | CV 23-160-M-DLC-KLD<br><br>ORDER |

      Plaintiff Michelle Squier Rave, who is proceeding pro se, filed this action against the above-named Defendants in December 2023. (Doc. 1). She alleges that in late December 2020, she was arrested and physically assaulted by unnamed Kalispell City Police Officers while staying at a local homeless shelter the night before she was scheduled to undergo brain surgery. Plaintiff claims she had severe brain seizures while in the custody of the arresting officers and was denied medical attention. Plaintiff alleges she was eventually transferred to the Flathead County

Detention Center, where her requests for medical attention were again ignored. Plaintiff asserts claim under 42 U.S.C. § 1983, alleging Defendants denied her adequate medical care in violation of the Eighth Amendment to the United States Constitution. (Doc. 1).

On March 13, 2025, Plaintiff filed a "Motion for Judicial Transfer and Motion to Compel Americans with Disabilities Act." (Doc. 38). Plaintiff partially recounts her version of the events that form the basis of her lawsuit, and additionally asserts for the first time that Defendants discriminated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.[1] (Doc. 38 at 1-3). She contends that Defendants discriminated against her based on her "cognitive and physical disabilities" during their police investigation and failed to accommodate her disabilities while she was incarcerated. (Doc. 38 at 3). Plaintiff further appears to assert she was wrongfully extradited to Wisconsin, where she is currently incarcerated. (Doc. 38 at 4-5).

Although Plaintiff calls her most recent filing a "Motion for Judicial Transfer and Motion to Compel Americans with Disabilities Act," it is not clear to

---

[1] On March 3, 2025, Plaintiff filed a "Notice of Disability Discrimination under the ADA and Request for Accommodation" in which she appeared to seek relief under the ADA based on the Clerk of Court's responses to her requests for copies of filings in this case, and attached some of her medical records from early 2021. (Doc. 36). In an order addressing Plaintiff's filing, the Court noted that Plaintiff had "provided no legal basis for the Court to grant her any relief under the Americans with Disabilities Act." (Doc. 37 at 2).

2

the Court what relief she is seeking. Plaintiff includes allegations regarding wrongful extradition, breach by Monroe County in Wisconsin concerning a retraining order, governmental attorneys allegedly prosecuting her wrongfully for child abuse, and other allegations that are difficult to understand and have nothing to with this matter. To the extent Plaintiff is requesting an unspecified "judicial transfer," she provides no legal basis for her request.

Liberally construed, Plaintiff's filing can arguably be read as seeking leave to amend her complaint to add a claim under the ADA. (Doc. 38 at 3). In October 2024, the Court issued a scheduling order establishing January 1, 2025, as the deadline for amending the pleadings. (Doc. 30 at 5).

Generally speaking, leave to file an amended pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, as here, a party seeks leave to file an amended pleading after the deadline established by the scheduling order has passed, however, Rule 16(b) provides the controlling standard. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) requires that a party show good cause for amending the scheduling order to allow the filing of an amended pleading. *Coleman*, 232 F.3d at 1294.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the

opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment ...." *Johnson*, 975 F.2d at 609. If the court finds that the moving party "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. *See also, In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (upholding denial of motion to amend where "the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").

"Although diligence is the main focus of the good cause inquiry in the Ninth Circuit, the existence or degree of prejudice to the party opposing the modification is also relevant." *C.F. v. Capistrano Unified School Dist.*, 656 F.Supp.2d 1190, 1196 (C.D. Cal. 2009) (citing *Johnson*, 975 F.2d at 609). *See also San Diego Ass'n of Realtors, Inc.*, 2017 WL 6344816, at *5 (S.D. Cal. Dec. 12, 2017) ("Prejudice to the non-moving party, though not required under Rule 16(b), can supply additional reasons to deny a motion.") (citing *Coleman*, 232 F.3d at 1295).

Although pro se pleadings must be liberally construed, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

Because the deadline to amend the pleadings passed on January 1, 2025, Plaintiff must establish good cause to amend the Complaint. To the extent Plaintiff's most recent filing can be liberally construed as a request to assert a claim under the ADA, she does not allege any facts there were unknown to her at the time she filed her Complaint in December 2023. Plaintiff provides no reason why she did not raise allegations of ADA discrimination earlier, and no reason why she did not seek leave to amend her complaint before the deadline for doing so had passed.

Under the Court's scheduling order, discovery in this case closed on April 1, 2025. (Doc. 30 at 7). The scheduling order makes clear that "[a]ny request for discovery must be served by a date that will permit a timely response to be provided on or before the close of discovery" on April 1, 2025. (Doc. 30 at 7). To permit Plaintiff to amend her Complaint at this late date to add an entirely new claim under the ADA would unduly prejudice Defendants. Accordingly, and because Plaintiff has not established good cause for amending the scheduling order to allow for amendment of the pleadings,

**IT IS ORDERED** that Plaintiff's "Motion for Judicial Transfer and Motion to Compel Americans with Disabilities Act" (Doc. 38) is **DENIED**.[2]

---

[2] The denial of a motion to amend the pleading is a nondispositive order under 28 U.S.C. § 636(b)(1)(A). *See e.g. von Koenigsberg-Tyraldssen v. Kohut*, 2016 WL 7339901 at *1 n. 1 (D. Mont. Dec. 19, 2016); *Iseke v. City and County of*

At all times during the pendency of this action, Plaintiff must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

DATED this 2nd day of April, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

*Honolulu*, 2016 WL 4546368, at *3 (D. Haw. Aug. 31, 2016) ("A motion for leave to amend is a nondispositive motion which a magistrate judge may properly decide.") (citing *Seto v. Theielen*, 519 Fed. Appx. 966, 969 (9th Cir. 2013)).

Case 9:23-cv-00160-DLC-KLD   Document 40   Filed 04/02/25   Page 7 of 7